1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

Plaintiff,

v.

JAMES A. MAGGIO; TRADE RISK
MANAGEMENT, LLC (Washington); and
TRADE RISK MANAGEMENT, LLC
(Oregon),

Defendants.

CASE NO. C05-5766RJB

ORDER DENYING PLAINTIFF'S
MOTION FOR EXCLUSION OF
DEFENDANTS' EXPERT FOR
NONCOMPLIANCE WITH FRCP
26(a)(2) DISCLOSURES AND
GRANTING IN PART AND
DENYING IN PART JOINT
MOTION FOR ENLARGMENT
[SIC] OF MINUTE SCHEDULE

17

18

19

20

21

This matter comes before the Court on Plaintiff's Motion for Exclusion of Defendants'
Expert for Noncompliance with FRCP 26(a)(2) Disclosures (Dkt. 19) and the Joint Motion for
Enlargment [sic] of Minute Schedule (Dkt. 23). The Court has considered the pleadings filed in
support of and in opposition to the motions and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

22

23

24

25

26

27

According to the complaint, the defendants sell a stock market analysis service known as
Sigma Band Charting through an internet website and materially misrepresent the risk and profit-
making ability of the service. Dkt. 1 at 2. The complaint alleges that the defendants' conduct
violates the Commodity Exchange Act and Commodities Futures Trading Commission
regulations. *Id.* at 7.

The deadline for disclosure of expert witnesses in this case was November 30, 2006. Dkt.

28

ORDER
Page 1

1  14. On that date, the defendants named an expert witness. Dkt. 19 at 2. On December 7, 2006,

2  the defendants provided the plaintiff with a one page report from that expert. *Id*. The plaintiff

3  contends that this report is inadequate and asks that the testimony of the defendants' proffered

4  expert be excluded. Dkt. 19 at 3. As an alternative to exclusion of the defendants' proffered

5  expert, the reply seeks a 45 day extension of discovery and other deadlines and an order requiring

6  the defendants to provide a complete expert report before the expert's deposition is taken. Dkt.

7  22-1 at 7. Also pending before the Court is a Joint Motion for Enlargment [sic] of Minute

8  Schedule (Dkt. 23-1) seeking a 60 day continuance of all pretrial deadlines in light of the expert's

9  report and the parties' efforts to reach a settlement.[1]

10  ## II. DISCUSSION

11  ## A. SUFFICIENCY OF EXPERT REPORT

12      Disclosure of expert witnesses is governed by Federal Rule 26, which provides as follows:

13
14      (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

15
16
17
18
19
20      (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;** the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

21
22      (C) These disclosures shall be made at the times and in the sequence directed by the court.

23  Fed. R. Civ. P. 26(a)(2) (emphasis added). The defendants acknowledge that the expert's report

24  provided on December 7 did not fully comply with Federal Rule 26 but contend that they have

25  since gathered the information required by Federal Rule 26 and are in the process of providing it

26
27  [1]The motion is labeled a "joint" motion and professes to be made on behalf of all parties, but the Court notes that defendants' counsel did not sign the motion. Chambers staff contacted defense counsel's office and was told that defendants' counsel is in agreement with the motion.

28

1  to the plaintiff. Dkt. 20 at 5-6. The defendants do not object to an extension of time to allow the

2  plaintiff to depose the defendants' proffered expert. *Id.* at 6-7. In the reply, the plaintiff contends

3  that supplemental information provided by the defendants on December 22, 2006, is also

4  inadequate and fails to comply with Federal Rule 26. Dkt. 22-1 at 2. Specifically, the plaintiff

5  contends that the expert witness disclosure is deficient in three respects:

6        First, the plaintiff contends that the defendants have not provided a complete statement of

7  all opinions to be expressed and their bases. Dkt. 22-1 at 1. The plaintiff contends that the report

8  does not offer an opinion as to whether the defendants' service gives customers a 99% chance of

9  making money and is therefore incomplete. *Id.* Whether the proffered expert indeed has formed

10 such an opinion or intends to offer such an opinion is not apparent to the Court. What is clear,

11 however, is that such an opinion would likely exceed the scope of the expert's report.

12       Second, the plaintiff contends that the report fails to identify data or other information

13 considered by the witness in forming an opinion. Dkt. 22-1 at 3. The plaintiff contends that if the

14 expert relied upon no data or other information, the testimony should be stricken as speculation

15 and conjecture. The plaintiff further contends that if the expert did rely on data or other

16 information, failure to disclose such information warrants exclusion of the expert testimony. It is

17 not yet clear whether the opinions contained in the expert report necessarily require consideration

18 of data or other information.

19       Finally, the plaintiff notes that the expert report is not accompanied by any exhibits. Dkt.

20 22-1 at 4.

21       While the expert report may be sufficient to pass muster under Federal Rule 26, the parties

22 are apparently in agreement that the report does not fully encompass the proffered expert's

23 anticipated testimony and that more time is needed to furnish a complete report and conduct a

24 thorough deposition after review of such report. The discovery deadline in this case is January 15,

25 2007. Dkt. 14. Trial is currently set for April 16, 2007. Dkt. 12. The parties request an extension

26 of the discovery and other deadlines by 60 days, but such an extension appears excessive in light

27 of the limited outstanding discovery and would likely jeopardize the trial date. The Court should

28

1  therefore extend the discovery deadline to February 15, 2007, and extend the dispositive motions

2  deadline to February 26, 2007. If this extension proves insufficient, the parties may seek another

3  extension if they so desire.

4  **B. ADMISSIBILITY**

5       In the reply, the plaintiff moves to exclude the testimony of the defendants' expert on the

6  grounds that it is inadmissible under Federal Rule of Evidence 702. This request appears for the

7  first time in the reply. The defendants have not had an opportunity to respond, and the Court

8  therefore declines to address this portion of the reply. *See Lentini v. California Center for the*

9  *Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (declining to consider argument raised

10  first in the reply). The plaintiff may separately raise the issue of the admissibility of the defendants'

11  expert after February 15, 2007.

12  **III. ORDER**

13       Therefore, it is hereby

14       **ORDERED** that Plaintiff's Motion for Exclusion of Defendants' Expert for

15  Noncompliance with FRCP 26(a)(2) Disclosures (Dkt. 19) is **DENIED**. The Joint Motion for

16  Enlargment [sic] of Minute Schedule (Dkt. 23) is **GRANTED IN PART AND DENIED IN**

17  **PART** as follows: The discovery deadline is reset for February 15, 2007, and the dispositive

18  motions deadline is reset for February 26, 2007.

19       The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

20  of record and to any party appearing *pro se* at said party's last known address.

21       DATED this 9th day of January, 2007.

22

23

24  Robert J. Bryan
   United States District Judge

25

26

27

28