1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. MAGGIO; TRADE RISK MANAGEMENT, LLC (Washington); and TRADE RISK MANAGEMENT, LLC (Oregon),<br><br>Defendants. | CASE NO. C05-5766RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' [SIC] TO PRODUCE DISCOVERY DOCUMENTS |

This matter comes before the Court on Plaintiff's Motion to Compel Defendants' [sic] to Produce Discovery Documents (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, the defendants sell a stock market analysis service known as Sigma Band Charting through an internet website and materially misrepresent the risk and profit-making ability of the service. Dkt. 1 at 2. The complaint alleges that the defendants' conduct violates the Commodity Exchange Act ("the Act") and Commodities Futures Trading Commission regulations. *Id.* at 7.

On December 15, 2006, the plaintiff requested "[a]ll documents relating or referring to any and all algorithms, or mathematical or statistical calculations, utilized to calculate or to

1  determine the 'Sigma Bands' referenced or described in any and all versions of the website

2  www.traderiskmanagement.com." Dkt. 28 at 1. The defendants objected to this request on the

3  grounds that it sought trade secrets and proprietary information. Dkt. 29 at 2. The plaintiff also

4  contends that the discovery is irrelevant because the plaintiff's claim is that the defendants

5  violated the Act as a matter of law and because the plaintiff does not "intend to call witnesses or

6  argue the merits of the claims from the website." Dkt. 29 at 3. The plaintiff responded that it was

7  "willing to undertake all reasonable steps available to protect Maggio's information from public

8  disclosure." Dkt. 30, Exh. A at 4. Neither party has moved for a protective order.

9  ## II. DISCUSSION

10      Federal Rule of Civil Procedure 26 provides as follows

11          Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

12  claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

13  discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

14  

15  Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or a request for production,

16  the party may move to compel disclosure pursuant to Federal Rule 37. Fed. R. Civ. P.

17  37(a)(2)(B). The motion must certify that the parties have made a good faith effort to confer and

18  resolve the dispute themselves. *Id*. A good faith effort to confer "requires a face-to-face meeting

19  or a telephone conference." Local Rule CR 37(a)(2)(A). In this case, the parties have conferred

20  but have been unable to resolve this discovery dispute. Dkt. 28 at 3.

21      This discovery dispute turns upon whether the truthfulness of the defendants'

22  representations on their internet website is relevant to the plaintiff's claims. Relevant evidence is

23  "evidence having any tendency to make the existence of any fact that is of consequence to the

24  determination of the action more probable or less probable than it would be without the

25  evidence." Fed. R. Evid. 401.

26      The defendants contend that the truthfulness of statements posted on their website is

27  irrelevant to the plaintiff's theory of the case. Dkt. 29 at 3. The defendants offer the plaintiff's

28  responses to discovery requests as evidence of the plaintiff's theory of the case. These responses

ORDER
Page 2

1  demonstrate that the plaintiff's case centers on whether the defendants "mislead actual and

2  prospective customers by falsely claiming that Sigma Band charts would enable customers to

3  achieve an extraordinary rate of trading success." Dkt. 30, Exh. C at 8. The plaintiff's responses

4  indicate that while it has "not identified any witnesses that it plans to present in connection with

5  the allegation in paragraph 25 of its complaint," the plaintiff believes that all Trade Risk

6  Management customers and business partners are potential witnesses. *Id.* Finally, the plaintiff's

7  responses admit that the issue of whether certain statements violate the Act is a legal issue for

8  which the plaintiff does not intend to call witnesses. *Id.* at 10. Taken as a whole, these responses

9  indicate that the plaintiff believes the truthfulness of the defendants' statements to be an issue in

10  this case. While the question of whether the website representations violate the Act may be a

11  question of law, it appears that this issue rests upon resolution of factual issues, including whether

12  the representations were actually false. The Court should therefore conclude that the information

13  sought is relevant and should grant the motion to compel.

14      The Court recognizes the defendants' contention that complying with the discovery

15  request would lead to production of trade secrets because the information is part of a computer

16  program containing other research projects in various stages of development. Dkt. 29 at 4. The

17  plaintiff appears willing to enter into a protective order protecting the defendants' proprietary

18  information from public disclosure. Dkt. 31 at 4. Neither party has moved for a protective order,

19  and it is not clear to the Court whether a protective order is warranted. The parties are

20  encouraged to work together to guard against the disclosure of trade secrets and other

21  proprietary information, meet and confer, attempt to resolve discovery and scheduling issues in

22  good faith, and use conference calls to chambers before filing further discovery motions.

23                                    **III. ORDER**

24      Therefore, it is hereby

25      **ORDERED** that Plaintiff's Motion to Compel Defendants' [sic] to Produce Discovery

26  Documents (Dkt. 28) is **GRANTED.**

27      The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

28

ORDER
Page 3

1   of record and to any party appearing *pro se* at said party's last known address.

2          DATED this 30th day of April, 2007.

3

4                    ROBERT J. BRYAN

                   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page 4