UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

    Plaintiff,

    v.

JAMES A. MAGGIO; TRADE RISK
MANAGEMENT, LLC (Washington); and
TRADE RISK MANAGEMENT, LLC
(Oregon),

    Defendants.

CASE NO. C05-5766RJB

MINUTE ORDER

### **LIMITED LIABILITY COMPANY DEFENDANTS**

On May 31, 2007, the Court granted the defendants' attorney's motion to withdraw. Dkt. 38. To date, no attorney has appeared on behalf of the limited liability company defendants. Before the withdrawal took effect, the limited liability company defendants received notice that they are required by law to be represented by an attorney and that failure to obtain an attorney could result in entry of default against them. Dkt. 37 (Defendants' Certification Pursuant to GR 2(g)(4)(B)).

Pursuant to 28 U.S.C. 1654, parties may appear in federal court personally or by counsel. 28 U.S.C. 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). It has long been held that corporations may appear in

ORDER
Page 1

1  federal court only through counsel, and " the rationale for that rule applies equally to all artificial
2  entities." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Courts uniformly hold
3  that this statute "does not allow corporations, partnerships, or associations to appear in federal
4  court otherwise than through a licensed attorney." *Id.* Courts in other circuits have explicitly
5  applied this conclusion to limited liability companies. *See Lattanzio v. COMTA*, 481 F.3d 137,
6  140 (2d Cir. 2007) (Because both a partnership and a corporation must appear through licensed
7  counsel, and because a limited liability company is a hybrid of the partnership and corporate forms
8  [citation omitted], a limited liability company also may appear in federal court only through a
9  licensed attorney."); *Gilley v. Shoffner*; 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004)
10 ("Accordingly, a limited liability company can appear in court only through a licensed attorney
11 because it is a business entity."). In this case, the limited liability company defendants may not
12 appear on behalf of themselves, and no attorney licensed to practice before this Court has
13 appeared on behalf of the limited liability companies.

### EMAIL CORRESPONDENCE

15 On June 15, 2007, Defendant James A. Maggio sent an email requesting postponement of
16 the trial date. The Court has previously instructed Mr. Maggio that the Court will not entertain
17 further communication by email and that all correspondence to the Court must be made through
18 the Clerk's office or via electronic filing. Dkt. 41. Mr. Maggio's third letter will remain in the file
19 without force or effect.

20 It appears that Mr. Maggio has so far been unable to secure counsel to represent him or
21 the business entities. He, individually, is proceeding *pro se* at this time, but he is not representing
22 the business entities. The Court notes that there are resources available to *pro se* litigants on the
23 U.S. District Court for the Western District of Washington website at
24 http://www.wawd.uscourts.gov.

25 The Foregoing Minute Order was authorized by THE HONORABLE ROBERT J.
26 BRYAN, UNITED STATES DISTRICT JUDGE.

ORDER
Page 2