UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. MAGGIO; TRADE RISK MANAGEMENT, LLC (Washington); and TRADE RISK MANAGEMENT, LLC (Oregon),<br><br>Defendants. | CASE NO. C05-5766RJB<br><br>ORDER RE-NOTING PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH DISCOVERY ORDER |

This matter comes before the Court on the Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Discovery Order (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, the defendants sell a stock market analysis service known as Sigma Band Charting through an internet website and materially misrepresent the risk and profit-making ability of the service. Dkt. 1 at 2. The complaint alleges that the defendants' conduct violates the Commodity Exchange Act ("the Act") and Commodities Futures Trading Commission regulations. *Id.* at 7.

On December 15, 2006, the plaintiff requested "[a]ll documents relating or referring to any and all algorithms, or mathematical or statistical calculations, utilized to calculate or to

determine the ‘Sigma Bands’ referenced or described in any and all versions of the website www.traderiskmanagement.com.” Dkt. 28 at 1. The Court granted the plaintiff’s motion to compel a response to this request. Dkt. 33.

The defendants’ attorney withdrew by Order of this Court on May 31, 2007, and the defendants were unrepresented in this matter until substitute counsel appeared on behalf of the defendants on June 25, 2007. Dkt. 38; Dkt. 46. The defendants have not yet complied with the Order Granting Plaintiff’s Motion to Compel Defendants’ [sic] to Produce Discovery Documents (Dkt. 33). The plaintiffs now move for sanctions for the defendants’ failure to comply with the Court’s Order. Dkt. 47.

**II. DISCUSSION**

Sanctions for failure to comply with an order compelling discovery are governed by Federal Rule 37(b)(2):

> (b) Failure to Comply With Order.
>
> . . .
>
> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in

> paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

In this case, the plaintiff seeks an order either (1) barring the defendants from supporting their claim that Sigma Band charts give customers a 99% chance of making a profit or (2) striking parts of the defendants' answer denying that the defendants committed a material misrepresentation by claiming that Sigma Band charts give customers a 99% chance of making a profit. Dkt. 47 at 6. The defendants are willing to comply with the discovery request pursuant to a protective order, and the Defendant's Motion for Protective Order (Dkt. 48) is pending before the Court and noted for consideration on July 19, 2007. The Court cannot determine whether imposing sanctions would be "just" under Federal Rule 37 before determining whether entry of a protective order is warranted. The Court should therefor re-note the Motion for Sanctions for consideration on July 19, 2007.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Discovery Order (Dkt. 47) is **RE-NOTED** for consideration on July 19, 2007.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 16th day of July, 2007.

Robert J Bryan
United States District Judge