UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. MAGGIO; TRADE RISK MANAGEMENT, LLC (Washington); and TRADE RISK MANAGEMENT, LLC (Oregon),<br><br>Defendants. | CASE NO. C05-5766RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH DISCOVERY ORDER AND ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the court on the Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Discovery Order (Dkt. 47) and on Defendant's Motion for Protective Order (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

According to the complaint, the defendants sell a stock market analysis service known as Sigma Band Charting through an internet website and materially misrepresent the risk and profit-making ability of the service. Dkt. 1 at 2. The complaint alleges that the defendants' conduct violates the Commodity Exchange Act ("the Act") and Commodities Futures Trading Commission regulations. *Id.* at 7.

On December 15, 2006, the plaintiff requested "[a]ll documents relating or referring to

ORDER
Page 1

any and all algorithms, or mathematical or statistical calculations, utilized to calculate or to determine the 'Sigma Bands' referenced or described in any and all versions of the website www.traderiskmanagement.com." Dkt. 28 at 1. The Court granted the plaintiff's motion to compel a response to this request. Dkt. 33.

The defendants' attorney withdrew by Order of this Court on May 31, 2007, and the defendants were unrepresented in this matter until substitute counsel appeared on behalf of the defendants on June 25, 2007. Dkt. 38; Dkt. 46. The defendants have not yet complied with the Order Granting Plaintiff's Motion to Compel Defendants' [sic] to Produce Discovery Documents (Dkt. 33).

On June 25, 2007, plaintiff filed a motion requesting sanctions for the defendants' failure to comply with the Court's Order. Dkt. 47.  Plaintiffs request that the court bar defendants from supporting their claim that Sigma Band charts give customers a 99% chance of making money every time they trade, or, in the alternative, issue an order striking the parts of defendants' answer in which they deny the material misrepresentation claim that is based upon the allegation that Sigma Band charts give customers a 99% chance of making money every time they trade. *Id*.

On July 10, 2007, defendants, through their newly retained counsel, filed a response opposing plaintiff's motion for sanctions.  Dkt. 48.  Defendants do not oppose disclosure of the information, provided that the court enter a protective order, protecting the information from dissemination to his competitors and other individuals in the field.  Dkt. 48.  Defendants have provided a proposed protective order which they request be entered by the court.  Dkt. 48-2.

In its reply, plaintiff states that it has no objection to the proposed protective order, but notes that, once the information is provided by defendants, plaintiff may request that followup discovery related to defendants' formula be permitted. Dkt. 50.

## II. DISCUSSION

Sanctions for failure to comply with an order compelling discovery are governed by Federal Rule 37(b)(2):

(b) Failure to Comply With Order.

ORDER
Page 2

. . .

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

The orderly progress in this case has been inhibited by withdrawal of defendants' first attorney, by the *pro se* status of Mr. Maggio, and by the late entry into the case of defendants' current counsel. In light of defendants' agreement to provide the information requested in discovery, it does not appear that the drastic sanctions requested by plaintiff are warranted. Plaintiffs' motion for sanctions should be denied.

The protective order filed by defendants is deficient in several respects. First, the request is too broad, and the terms of the order give discretion to Mr. Maggio to designate documents subject to the protective order. Any request for a protective order to be entered by the court

1 must be narrowly drawn, clearly identifying the class or type of documents subject to the
2 protective order, and the reason underlying the request for the order. See ¶¶ 1 and 5.  Second,
3 each time that the parties propose to file documents under seal, they should file a motion to that
4 effect and show good cause for filing documents under seal. *See* Local Rule CR 5(g).  Third, the
5 proposed order includes provisions that are more appropriate for agreements among the parties,
6 and are not the business of the court. See ¶¶ 3, 4 and 6.  Finally, the order must contain a
7 provision that the court may change the terms of the protective order on its own motion after
8 notice to the parties and an opportunity to be heard.   Defendants' motion for a protective order
9 should be denied without prejudice.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Discovery Order (Dkt. 47) is **DENIED**. Defendant's Motion for Protective Order (Dkt. 48) is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 24th day of July, 2007.

　　　　　　　　　　　　　　　　　　*/s/ Robert J Bryan*
　　　　　　　　　　　　　　　　　　Robert J Bryan
　　　　　　　　　　　　　　　　　　United States District Judge